UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Chad R. Dittoe,**

    **Plaintiff,**

v.

    Case No.: 2:19-cv-4885
    Judge Michael H. Watson
    Magistrate Judge Vascura

**Commissioner of Social Security,**

    **Defendant.**

## OPINION AND ORDER

On June 11, 2020, Magistrate Judge Vascura issued a Report and Recommendation ("R&R") recommending that Plaintiff's Statement of Errors be overruled, the decision of the Commissioner of Social Security be affirmed, and that judgment be entered in favor of Defendant. ECF No. 16. Plaintiff has filed a timely objection to the R&R, ECF No. 17, and Defendant has replied. ECF No. 18. The Court considers the matter *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff raises one primary objection to the R&R and requests the Court review all the arguments set forth in detail in the Statement of Specific Errors. In the objection, Plaintiff argues that the ALJ's reliance on the residual functional capacity ("RFC") to determine Plaintiff was not disabled was problematic because it is unclear whether Plaintiff can return to his past work as an Office

Clerk.  ECF No. 17.  Specifically, Plaintiff states that the ALJ's RFC allows for the performance of light work with the exception of the ability to lift a box of copy paper up to sixty pounds up to twice per week.  Plaintiff asserts that this is confusing because the ALJ seems to suggest that Plaintiff is only capable of light level work, but by allowing him to lift up to 60 pounds, the RFC is actually permitting heavy level work.

The Magistrate Judge specifically considered Plaintiff's objection and found that the ALJ's decision to include Plaintiff's ability to lift up to 60 pounds twice weekly was within the permissible "zone of choice," and the assessed RFC is supported by substantial evidence.  The Court agrees.  Plaintiff testified that he has lived with cerebral palsy since childhood, has lifted 58-pound boxes twice weekly during his former employment, and could not return to such a position due to an inability to *sit*, not an inability to *lift*.  Therefore, the Undersigned agrees with the findings of the Magistrate Judge and the ALJ that including Plaintiff's ability to lift up to 60 pounds twice weekly is not confusing as Plaintiff himself testified about his abilities; therefore, it was within the permissible "zone of choice."

The Court has carefully considered Plaintiff's arguments, but ultimately agrees with the Magistrate Judge and the ALJ's conclusion that Plaintiff's RFC is

supported by substantial evidence.  For these reasons, and those explained in the detailed R&R, the Court **OVERRULES** Plaintiff's objection, ECF No. 17. Accordingly, the R&R, ECF No. 16, is **ADOPTED** and **AFFIRMED.**

The Clerk is **DIRECTED** to remove ECF Nos. 16 and 17 from the Court's pending motions list and enter final judgment in favor of Defendant.

**IT IS SO ORDERED.**

 */s/ Michael H. Watson*_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**